IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRELL KNIGHT, | ) | |
| | ) | 4:05cv3165 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| ASARCO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 7, the Motion to Intervene filed by the prospective intervenor-Billy Tyler, and filing no. 10, the Motion to Proceed In Forma Pauperis ("IFP") on appeal filed by Tyler. Generally, only parties to an action have standing to appeal. Shults v. Champion Intern. Corp., 35 F.3d 1056, 1058 (6th Cir.1994). Tyler filed both motions after the entry of judgment in this action, apparently in order to become a party so as to appeal the dismissal of the case. Both the named plaintiff, who has not appealed the judgment, and Tyler are prisoners in the Nebraska State Penitentiary ("NSP").

I denied the named plaintiff's motion for leave to proceed IFP in the district court, dismissed the action and entered judgment pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (pre-service screening of prisoner complaint for failure to state a claim on which relief may be granted). I now deny filing no. 7, Mr. Tyler's Motion to Intervene, as frivolous.[1]

---

[1] I also point out that, in order to intervene, Mr. Tyler would have had to pay the court's $250 filing fee, as he is subject to 28 U.S.C. § 1915(g), the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"). In this district, filing fees are no longer prorated among prisoner plaintiffs, and each prisoner must pay a separate filing fee when joined or allowed to intervene as a co-plaintiff.

In addition, filing no. 10, Tyler's Motion to Proceed IFP on appeal, is denied, as he is a prisoner subject to the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the "three strikes" provision of the PLRA applies to Tyler, and as this case does not meet any exception, he shall have until August 30, 2005, to pay the $255 appellate filing fees to the Clerk of the District Court.

The Clerk of Court shall immediately serve a copy of this decision on the parties and the Eighth Circuit Court of Appeals. See Fed. R. App. P. 24(a)(4).

SO ORDERED.

August 8, 2005.                    BY THE COURT:

                                   /s *Richard G. Kopf*
                                   United States District Judge